UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

           Plaintiff,

v.

Erick Bernabe Santamaria,

           Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 05-381 ADM/SRN

---

Omar A. Syed, Esq., Assistant United States Attorney, Minneapolis, MN, for and on behalf of Plaintiff.

Scott F. Tilsen, Esq., Acting Federal Public Defender, Minneapolis, MN, for and on behalf of Defendant.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to the Objection of Defendant Erick Bernabe Santamaria ("Defendant") [Docket No. 24] to the December 21, 2005 Report and Recommendation ("R&R") of Magistrate Judge Susan Richard Nelson [Docket No. 23]. The R&R denies Defendant's Motion to Suppress Statements, Admissions, and Answers [Docket No. 13], and Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 14]. Defendant objects generally to the R&R insofar as the R&R denies Defendant's motions to suppress evidence obtained from his person as a result of a seizure by law enforcement officials at the Minneapolis-St. Paul airport. The factual background of this matter is set forth in the R&R and is incorporated by reference for purposes of the present Objection. For the reasons set forth below, the Objection is denied, and the R&R is adopted.

## II. DISCUSSION

Defendant's Objection is denied and the R&R is adopted because the Court finds that the Magistrate Judge's R&R was correctly decided; being neither clearly erroneous nor contrary to law. In appeals of non-dispositive matters, the district court shall consider timely objections to the magistrate judge's ruling, and modify or set aside any portion of the magistrate judge's ruling that is "clearly erroneous or contrary to law." See D. Minn. LR 72.2(a). As part of this present objection, Defendant has not identified any specific portion of the Magistrate Judge's report or recommendations that he objects to, but rather Defendant objects generally to the Magistrate Judge's ultimate recommendation denying his Motion to Suppress Statements, Admissions, and Answers, and his Motion to Suppress Evidence Obtained as a Result of Search and Seizure.

As an initial matter, there is some question as to whether Defendant's Objection was timely filed. Local rules state that a party may serve and file objections to a Magistrate Judge's order within ten days after being served with a copy of the order, unless a different time is prescribed by the Magistrate Judge or a District Judge. See D. Minn. LR 72.2(a). In this case, the R&R was issued on December 21, 2005, and the R&R included language that required objections to the R&R to be served and filed no later than January 4, 2005. See Report and Recommendation at 18. Defendant's Objection to R&R was served and filed on January 5, 2005.

The confusion with respect to the deadline for objections to the R&R likely resulted from the fact that Christmas 2005 and New Year's Day 2006 were observed as legal holidays on the Mondays following their actual calendar dates; December 26, 2005 and January 2, 2006 respectively. As such, under Federal Rules of Civil Procedure Rule 6, the ten-day period from

which Defendant would have had to serve and file his objections would have extended to January 6, 2006.  Thus, the Court exercises its discretion to consider Defendant's Objection to R&R as though it was timely served and filed.

**A.     The Magistrate Judge's R&R correctly decided Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure.**

The Magistrate Judge correctly found that the initial encounter between Detective Askerooth and Defendant was a consensual encounter and not a seizure.  Detective Askerooth approached Defendant in a public place, identified herself as a police officer, asked Defendant if she could speak with him, told Defendant that he was not under arrest, and explained to Defendant the nature of her job at the airport.  Detective Askerooth asked permission to search Defendant's bag, and Defendant gave his consent to the search.  The fact that Detective Askerooth asked Defendant if she could search his bag did not transform the consensual encounter into an investigatory stop which would implicate Defendant's Fourth Amendment rights as argued by Defendant in his Motion to Suppress Evidence Obtained as a Result of Search and Seizure.  See United States v. Smith, 82 F.3d 241, 243 (8th Cir. 1996).

The Magistrate Judge also correctly found that the initial encounter between Detective Askerooth and Defendant was voluntary and was not the product of coercion.  In addition to the facts mentioned above, the facts of the initial encounter between Detective Askerooth and Defendant show that Defendant was not threatened, promised anything, handcuffed, or prevented from leaving the public area where the initial encounter took place.  Moreover, the initial encounter lasted only five minutes, and both Detectives Askerooth and Nelson were dressed in plain clothes, and their weapons and handcuffs were not displayed.

The facts in the R&R state that the initial encounter between Detective Askerooth and Defendant took place approximately ten feet away from an encounter between Detective Nelson and another person. Detective Nelson asked that other person for consent to search his person and things. When that person refused to consent to the search, that person was allowed to leave. The facts of the R&R do not state that Defendant was aware of the encounter between Detective Nelson and the other person, or whether Defendant was aware that the other person was allowed to leave upon refusing to give consent to a search.

Even assuming that Defendant was unaware of the encounter between Detective Nelson and the other person, the totality of the circumstances present during the initial encounter between Detective Askerooth and Defendant would not have made a reasonable person believe that he was not free to leave. See United States v. Favela, 247 F.3d 838, 840 (8th Cir. 2001) citing United States v. Mendenhall, 446 U.S. 544, 554 (1980). Moreover, as the Magistrate Judge correctly concluded, if Defendant was aware that the other person was allowed to leave after refusing to give consent to a search, Defendant (or any reasonable person) would have known that he could do the same. As such, the Magistrate Judge's R&R to deny Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure is adopted.

**B.     The Magistrate Judge's R&R correctly decided Defendant's Motion to Suppress Statements, Admissions, and Answers.**

The facts of the R&R state that after Defendant was placed in the interview room and before any questions were asked of him, Detective Nelson read Defendant his Miranda rights from a card. Detective Nelson then asked Defendant if he understood his rights, and Defendant stated that he did. Detective Nelson then asked Defendant if he was willing to answer some questions, and Defendant stated that he was. The interview lasted approximately 20 minutes,

and at no time did Defendant ask for an attorney. The fact that Detectives Askerooth and Nelson raised their voice for emphasis or clarification during the interview did not coerce Defendant to make statements. The Magistrate Judge's R&R accurately details the law of <u>Miranda</u> and its progeny, and the Magistrate Judge's application of that law to the facts of this case is correct.

Detective Askerooth asked Defendant a single question after Defendant had been arrested, but before Defendant had been read his <u>Miranda</u> rights during the 15-30 second walk between the area where Detective Askerooth approached Defendant and the interview room. The question related to whether Defendant knew who the other person that Detective Nelson was talking to was. Defendant answered that he did not. Defendant has not objected specifically to that answer as part of his generalized Objection to the R&R.

Even assuming that Defendant had objected specifically to that answer, the Magistrate Judge was correct to conclude that the answer need not be suppressed. Detective Askerooth's question to Defendant was not calculated to elicit an incriminating answer from Defendant against himself. Moreover, Defendant's actual answer was not incriminating. As such, the Magistrate Judge's R&R to deny Defendant's Motion to Suppress Statements, Admissions, and Answers is adopted.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Susan Richard Nelson's R&R [Docket No. 23] is **ADOPTED**; and

2. Defendant's Objection to R&R [Docket No. 24] is **DENIED**; and

3. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 14] is **DENIED**; and

4. Defendant's Motion to Suppress Statements, Admissions, and Answers [Docket No. 13] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 23, 2006.